UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAMELA LAEGER, | : | |
|     Plaintiff, | : | |
| | : | No. 3:18-CV-01830 (VLB) |
| v. | : | |
| | : | |
| JONATHAN LAEGER, | : | November 27, 2018 |
| BRIAN LAEGER, | : | |
| 10 GRIFFIN PARK NORTH, LLC, | : | |
|     Defendants. | : | |

## ORDER DISMISSING CASE

Plaintiff Pamela Laeger filed her Complaint on November 7, 2018, naming Jonathan Laeger, Brian Laeger, and 10 Griffin Park North, LLC as defendants and attributing this Court's jurisdiction over the matter to 28 U.S.C. § 1332. *See* [Dkt. 1]. Recognizing the lack of complete diversity, as required for subject matter jurisdiction under § 1332, the Court ordered Plaintiff to show cause why the case should not be dismissed for a lack of subject matter jurisdiction. [Dkt. 13]; *see also E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) ("It is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship."). In response, Plaintiff filed an amended complaint, removing as a defendant Jonathan Laeger, who, in addition to Plaintiff, is a citizen of the state of Washington. *See* [Dkt. 14]. Despite this attempt to cure the lack of jurisdiction, for the reasons explained below, Plaintiff has failed to show that this Court has subject matter jurisdiction over this case and as a result it is DISMISSED.

1

"It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004). Based on this rule, this Court would be required to look at the citizenship of the parties as alleged in the Complaint originally filed and would unavoidably find a lack of complete diversity as between Plaintiff and Defendants and therefore a lack of subject matter jurisdiction. This is because both Plaintiff and Defendant Jonathan Laeger are citizens of Washington according to the Complaint. Additionally, the Complaint does not appear to allege all of the members of the Defendant LLC. Having failed to plead the citizenship of Defendant 10 Griffin Park North, LLC, Plaintiff has further failed to meet her burden of establishing diversity jurisdiction. *See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited liability company . . . takes the citizenship of each of its members.").

There is an exception to the "time-of-filing" rule if the party cures the jurisdictional defect by dismissing the party that destroyed diversity. *Grupo Dataflux*, 541 U.S. at 572. This exception is only available where the party being dismissed is not indispensable. *Id.* Courts consider the factors listed in Fed. R. Civ. P. 19 to determine whether a party is indispensable: "(1) the plaintiff's . . . interest in a federal forum; (2) the defendant's . . . interest in avoiding multiple litigation, inconsistent relief, and sole responsibility for liability jointly shared, if codefendant is dismissed from the suit; (3) the absent codefendant's inability to protect its interests in any judgment rendered; and (4) the public interest in complete, consistent and efficient settlement of controversies." *CP Sols. PTE, Ltd.*

2

*v. Gen. Elec. Co.*, 470 F. Supp. 2d 151, 156 (D. Conn. 2007) (citing *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d Cir. 1984)). "The burden of proving jurisdiction is on the party asserting it." *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

Here, Plaintiff has failed to prove jurisdiction. Defendant Jonathan Laeger, the party Plaintiff proposes to dismiss in order to cure the lack of complete diversity, is the central actor throughout both Plaintiff's Complaint and Amended Complaint and the Court finds that he is an indispensable party.

Regarding the first factor, the Court finds that the Plaintiff does not seem to have much of an interest in a federal forum. Both her Complaint and Amended Complaint bring state law claims arising out of Defendant Jonathan Laeger's violation of orders from the Superior Court for the State of Washington in divorce proceedings between Plaintiff and Jonathan Laeger primarily concerning the sale of a Connecticut property owned by him and Plaintiff. *See* [Dkt. 1; Dkt. 14]. As a result, the Court believes not only that Plaintiff's interest in a federal forum in very low, but also that Plaintiff's claims would be more appropriate in the pending divorce proceeding.

As to the second factor, because of Jonathan Laeger's critical role in the alleged conduct, the Court finds that there is significant potential that his dismissal from the case would lead to inconsistent relief and multiple lawsuits. Without Jonathan Laeger in the suit, Defendants Brian Laeger and the LLC would potentially be saddled with liability for which Jonathan Laeger may also be responsible. This could lead the remaining Defendants to try to implead Jonathan

**Laeger down the road or to seek contribution from him by initiating separate lawsuits. Thus, factor two also weighs in favor of the indispensability of Jonathan Laeger as a defendant.**

**As to the third factor, the Court recognizes that Jonathan Laeger's absence from the lawsuit would make him unable to protect his interests in any judgment ultimately rendered in the case. As discussed above, both the Complaint and Amended Complaint primarily allege conduct by Jonathan Laeger. If Plaintiff is allowed to remove him from this lawsuit, he would be unable to rebut her allegations and defend against conclusions which might impact his liability.**

**Finally, regarding factor four, the Court finds that allowing this case to proceed without Jonathan Laeger would undermine the public interest in complete, consistent and efficient settlement of controversies. As discussed in relation to the preceding three factors, litigating Plaintiff's claims without Jonathan Laeger would very likely lead to additional litigation with potentially inconsistent outcomes and certainly a high degree of inefficiency.**

**Evaluation of each of the four factors indicates that Jonathan Laeger is an indispensable party in this suit. Therefore, Plaintiff's Amended Complaint does not fall within the exception to the time-of-filing rule. Thus, the Court looks to the existence of subject matter jurisdiction in the original Complaint at the time of filing and finds that complete diversity was lacking. As a result, this case must be and is DISMISSED. The dismissal is with prejudice as further amendment would be futile.**

**IT IS SO ORDERED.**

                                                        _____/s/_____
                                                    **Hon. Vanessa L. Bryant**
                                                    **United States District Judge**

**Dated at Hartford, Connecticut: November 27, 2018**